NEGUERUELA ET AL. *v.* SAMOHANO ET AL.

APPEAL from the District Court of San Juan.

No. 532.—Decided October 26, 1910.

NATURAL CHILDREN—ACTION FOR ACKNOWLEDGMENT—CONCUBINAGE—PROOF OF FILIATION.—The action for acknowledgment having been brought on the theory that the mother and the presumed father of the natural child lived in concubinage, the evidence introduced at the trial was contradictory and fails to show conclusively the filiation of the alleged natural child. In view of this uncertain and conflicting evidence, the Supreme Court declared that in this class of cases the proof of filiation must be strong and convincing.

ID.—CONTRADICTORY EVIDENCE—CONSIDERATION THEREOF BY THE TRIAL COURT.—The evidence of the plaintiff being extensively contradicted by the witnesses for the defendant, this court holds that there is nothing to take the case out of the rule that, when there is a conflict of testimony over a substantial matter, the judgment of the lower court will not be disturbed, except in well-recognized exceptions.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Messrs. Bosch & Soto* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a suit brought by Vicenta Negueruela on behalf of her child Lorenzo to have the latter declared to be the natural acknowledged child of Antonio Somohano. The appellant maintains that there was proof tending to show that Vicenta Negueruela was a virtuous girl living with her aunt at Puerta de Tierra; that Somohano visited her frequently as a lover might; that at his instance she went to live at the hotel of which he was the proprietor; that there he had carnal relations with her in the years 1905 and 1906, and that as the result of these relations the child Lorenzo was born on September 5, 1906. Somohano died on January 20, 1906.

The suit is brought on the theory that Vicenta Negueruela lived in concubinage with Antonio Somohano. The weight of the evidence is strongly against such a theory. There is some evidence tending to show that Somohano and Vicenta Negueruela lived together as man and wife, but the preponderance of the evidence shows that Vicenta was employed at the hotel in the capacity of a servant. It is possible that Somohano was the father of her child but the evidence that he lived in concubinage with the mother is of the vaguest kind and is a mixture of hearsay and inference. Some of the testimony as to the period when her pregnacy was first observed and of the resemblance of the child to the alleged father are entitled to little if any credit. There is also evidence tending to prove that another man was the father of the child. The Supreme Court of Spain has declared in a large number of judgments that the proof of filiation in this class of cases must be strong and convincing. (Judgment of the Supreme Court of Spain of December 29, 1899.)

Here, the evidence of the plaintiff is not only unconvincing but is extensively contradicted by the witnesses of the defendant; and, hence, there is nothing to take the case out of the

rule so frequently announced by us, that when there is conflict of testimony over a substantial matter we will not, except in well recognized exceptions, disturb the judgment of the lower court.

*Affirmed.*

Justices MacLeary and del Toro concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.